**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

BOBBY TURKINGTON,                    )
                                     )
            Petitioner,              )
                                     )
    v.                               )        No. 4:13CV1896 SPM
                                     )
JEFF NORMAN,                         )
                                     )
            Respondent.              )

## MEMORANDUM AND ORDER

This matter is before the Court on petitioner=s petition for writ of habeas corpus pursuant to 28 U.S.C. ' 2254.   The petition appears to be barred by ' 2254=s one-year limitations period, and the Court will order petitioner to show cause why the petition should not be dismissed.

On April 2, 2008, petitioner pled guilty to deviate sexual intercourse with a minor less than twelve years old in violation of Mo. Rev. Stat. ' 566.062.   See Pet=r Ex. at 12-13; Missouri v. Turkington, No. 07A9-CR01127-01 (Crawford County). The crime was committed between January 1, 2000, and September 17, 2000.   See Pet=r Ex. at 4.   On July 8, 2008, the court sentenced petitioner to fifteen years= imprisonment.   See Pet. at 1.   Petitioner did not file an appeal, and he did not file a motion for postconviction relief under Missouri Court Rule 24.035.   Petitioner filed a Missouri Rule 91 habeas petition on December 7, 2012.   Turkington v. Norman,

No. 12AC-CC00802 (Cole County).    The court dismissed the petition on June 10,

2013.   Id.

Under 28 U.S.C. ' 2244(d):

(1) A 1-year period of limitation shall apply to an application for a writ
of habeas corpus by a person in custody pursuant to the judgment of a
State court. The limitation period shall run from the latest of--

(A) the date on which the judgment became final by the
conclusion of direct review or the expiration of the time
for seeking such review;

(B) the date on which the impediment to filing an
application created by State action in violation of the
Constitution or laws of the United States is removed, if the
applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was
initially recognized by the Supreme Court, if the right has
been newly recognized by the Supreme Court and made
retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or
claims presented could have been discovered through the
exercise of due diligence. . . .

In Missouri, a prisoner has ten days to file a notice of appeal from the date the

criminal judgment is rendered.   See Mo. Ct. R. 30.01(a);  Mo. Ct. R. 81.04(a).

Because petitioner did not appeal, the statute of limitations began to run on July 18,

2008, ten days after the trial court entered its judgment.   The limitations period

expired, therefore, on July 18, 2009, and the instant petition appears to be time-barred.

Petitioner argues that he is entitled to equitable tolling because he is Afactually innocent@ of deviate sexual intercourse.   In 2000, Adeviate sexual intercourse@ was defined as:

> any act involving the genitals of one person and the mouth, tongue, or anus of another person or a sexual act involving the penetration, however slight, of the male or female sex organ or the anus by a finger, instrument or object done for the purpose of arousing or gratifying the sexual desire of any person.

Mo. Rev. Stat. ' 566.010 (2000).   Petitioner argues that the state failed to prove either penetration or that he had been aroused or sexually gratified.

Petitioner=s claim of actual innocence is meritless in light of petitioner=s guilty plea.  During the plea colloquy, petitioner stated that he understood the charges against him and that he wished to plead guilty.   Pet=r Ex. at 8.  The prosecutor stated that the evidence would show that petitioner Ahad deviate sexual intercourse with [Victim], both an act involving his mouth and her vagina and also by his mouth and her breasts.@  Id. at 12.   And petitioner agreed to the prosecutor=s description of the evidence.  Id. at 13.   Under these allegations, neither penetration nor sexual gratification were required elements under ' 566.010, because the placing of

petitioner=s mouth on Victim=s genitals satisfied the elements of deviate sexual intercourse.   As a result, petitioner=s argument for equitable tolling is meritless.

The Court will not dismiss this action as untimely without first giving notice to petitioner.   Petitioner shall, therefore, show cause within twenty-one days of this Order why this action should not be dismissed as untimely.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner=s motion for leave to proceed in forma pauperis [ECF No. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that petitioner shall show cause no later than twenty-one (21) days from the date of this Order why this action should not be dismissed as untimely.

**IT IS FURTHER ORDERED** that if petitioner fails to comply with this Order, this action will be dismissed.

Dated this   17th   day of October, 2013.


/s/ Shirley Padmore Mensah
SHIRLEY PADMORE MENSAH
UNITED STATES MAGISTRATE JUDGE