UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| BOBBY TURKINGTON, | ) | |
|---|---|---|
| Petitioner, | ) | |
| v. | ) | No. 4:13CV1896 SPM |
| JEFF NORMAN, | ) | |
| Respondent. | ) | |

**MEMORANDUM**

Rule 4 of the Rules Governing Habeas Cases requires that the Court review a habeas petition when it is filed and to dismiss when it is clear that petitioner is entitled to relief. The Court reviewed the instant petition when it was filed and determined that it appeared to be time-barred. The Court ordered petitioner to show cause why the case should not be dismissed, and petitioner has filed his response. After careful review, the Court has determined that this action should be summarily dismissed under Rule 4 as time-barred.

On April 2, 2008, petitioner pled guilty to deviate sexual intercourse with a minor less than twelve years old in violation of Mo. Rev. Stat. § 566.062. See Pet'r Ex. at 12-13; Missouri v. Turkington, No. 07A9-CR01127-01 (Crawford County). The crime was committed between January 1, 2000, and September 17, 2000. See Pet'r Ex. at 4. On July 8, 2008, the court sentenced petitioner to fifteen years'

imprisonment.  See Pet. at 1.  Petitioner did not file an appeal, and he did not file a motion for postconviction relief under Missouri Court Rule 24.035.  Petitioner filed a habeas petition, pursuant to Missouri Supreme Court Rule 91, on December 7, 2012.  Turkington v. Norman, No. 12AC-CC00802 (Cole County).  The petition was dismissed on June 10, 2013.  Id.

Under 28 U.S.C. § 2244(d):

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence. . . .

In Missouri, a prisoner has ten days to file a notice of appeal from the date the criminal judgment is rendered.  See Mo. Ct. R. 30.01(a);  Mo. Ct. R. 81.04(a).

Because petitioner did not appeal, the statute of limitations began to run on July 18, 2008, ten days after the trial court entered its judgment. The limitations period expired, therefore, on July 18, 2009, and the instant petition appears to be time-barred.

Petitioner argues that he is entitled to equitable tolling because he is "factually innocent" of deviate sexual intercourse. In 2000, "deviate sexual intercourse" was defined as:

> any act involving the genitals of one person and the mouth, tongue, or anus of another person **or** a sexual act involving the penetration, however slight, of the male or female sex organ or the anus by a finger, instrument or object done for the purpose of arousing or gratifying the sexual desire of any person.

Mo. Rev. Stat. § 566.010 (2000) (emphasis added). Petitioner argues that the state failed to prove either penetration or that he had been aroused or sexually gratified.

Petitioner's claim of actual innocence is meritless in light of his guilty plea. During the plea colloquy, petitioner stated that he understood the charges against him and that he wished to plead guilty. Pet'r Ex. at 8. The prosecutor stated that the evidence would show that petitioner "had deviate sexual intercourse with [Victim], both an act involving his mouth and her vagina and also by his mouth and her breasts." Id. at 12. And petitioner agreed to the prosecutor's description of the evidence. Id. at 13. Under these allegations, neither penetration nor sexual

gratification were required elements under § 566.010, because the placing of petitioner's mouth on the victim's genitals satisfied the elements of deviate sexual intercourse.

Petitioner's argument that sexual gratification is a required element is frivolous. Under § 566.010, a defendant is guilty of deviate sexual intercourse if he either (1) commits "any act involving the genitals of one person and the mouth, tongue, or anus of another person," **or** (2) commits "a sexual act involving the penetration, however slight, of the male or female sex organ or the anus by a finger, instrument or object done for the purpose of arousing or gratifying the sexual desire of any person." Because petitioner admitted to placing his mouth on the victim's vagina, he admitted a sufficient factual basis for a finding of guilt under the statute.

Petitioner also argues that the Court may not address the issue of timeliness *sua sponte*. He relies on Wood v. Milyard, 132 S. Ct. 1826 (2012), for this proposition. In Wood, the Court held that a federal court of appeals has the authority, but not the obligation, to address the timeliness of a state prisoner's federal habeas petition on the court's own initiative. 132 S. Ct. at 1834. This is consistent with the Court's holding in Day v. McDonough, 547 U.S. 198 (2006), in which the Court held "that district courts are permitted, but not obliged, to consider, *sua sponte*, the timeliness of a state prisoner's habeas petition." 547 U.S. at 209.

The limitations period expired more than four years before petitioner filed this case. And petitioner's argument for equitable tolling is meritless. Therefore, the Court will dismiss this action without further proceedings.

Finally, petitioner has failed to demonstrate that jurists of reason would find it debatable whether the petition is untimely. Thus, the Court will not issue a certificate of appealability. 28 U.S.C. § 2253(c).

A separate Order of Dismissal will be filed contemporaneously.

Dated this 15th day of November, 2013.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE